LAIRD (DICK v.). See Cases Nos. 3,891 and 3,892.

LAIRD (WETMORE v.). See Case No. 17,467.

LA JEUNE EUGENIE (UNITED STATES v.). See Case No. 15,551.

## Case No. 7,991.

Ex parte LAKE et al.

In re WHITING et al.

[2 Lowell, 544; 1 16 N. B. R. 497.]

District Court, D. Massachusetts. Jan., 1877.

BANKRUPTCY—PROOF FOR FUTURE RENT.

1. Where A., B., C., and D., copartners, were lessees of a building, and bound by the covenants to pay rent for several years, and two of the partners left the firm, and the others, with some new partners, assumed the debts and liabilities, and the new firm became bankrupt,—Held, that the retired partners had not the right to prove against the estate a claim for unliquidated damages by reason of their liability on the covenants of the lease, unless there were some special stipulation for such a contingency contained in the lease.

[Cited in Re Burgess, 83 Me. 343, 22 Atl. 223; Bowditch v. Raymond, 146 Mass. 115, 15 N. E. 289.]

2. A provision in a lease that the lessors might re-enter and re-let the premises at the risk of the lessees, who should remain liable for the rent, and be credited with the sums actually realized, will not authorize a proof for unliquidated damages against the estate of the bankrupt lessees

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

by the lessors, who have re-entered and re-let the premises at a less rent than before.

In September, 1873, William C. Tebbetts and Charles Haley demised certain chambers on the corner of Summer and Kingston streets, in Boston, to F. J. Lake, Sidney Cushing, Franklin B. Daniels, and J. E. K. Herrick, for the term of five years from Oct. 1, 1873, by an indenture under seal; and the lessees entered into the usual covenants for payment of rent, &c. The lessees composed the mercantile firm of Lake, Daniels, & Cushing, to whom was soon after added one Bliss, and they had Albert T. Whiting as a special or limited partner. Afterwards J. McKenna bought out Mr. Bliss, and on or about Jan. 1, 1875, the firm was dissolved, and a new firm, called Whiting, McKenna, & Co., was formed, to carry on the same business at the same place. By this arrangement Lake and Daniels retired, and Whiting became a general partner; so that the new firm consisted of A. T. Whiting, James McKenna, S. B. Cushing, and J. E. K. Herrick. By an indenture dated Dec. 2, 1874, the old firm conveyed all the joint property, including leases, to the new firm; and the latter assumed the debts and liabilities, and covenanted to indemnify Lake and Daniels therefrom. After the indenture was made, but before the new firm began business, P. G. Leonard was admitted as a partner, and verbally undertook all the obligations of that position. The new firm occupied the chambers for the prosecution of their joint business, and paid the rent out of their joint assets. In March, 1876, proceedings in bankruptcy against Whiting, McKenna, & Co. were begun in this court, which are still pending. The lessors have proved against the joint assets the arrears of rent due them at the time of the bankruptcy. Lake and Daniels now offer for proof, as unliquidated damages, the amounts which they allege that they shall be obliged to pay under their covenants in the indenture of lease. This instrument contained the following clause: "Provided always, and these presents are upon this condition, that if the said lessees or their representatives or assigns do or shall fail to perform any or either of the covenants contained in this instrument, which are on their part to be performed, or if the said lessees shall be declared bankrupt or insolvent according to law, or if any assignment shall be made of their property for the benefit of creditors, then, in either of said cases, the lessors, or those having their estate in the premises lawfully may immediately, or at any time thereafter, and while such neglect or default continues, and without further notice or demand, enter into and upon the said premises, or any part thereof, in the name of the whole, and repossess the same as of their former estate, and expel the lessees or those claiming under them, and remove their effects (forcibly if necessary), without being taken or deemed guilty of any manner of trespass, and without prejudice to any remedies which might otherwise be had for arrears of rent or preceding breach of covenants; and thereupon the lessors may at their discretion re-let the premises at the risk of the lessees, who shall remain for the residue of said term responsible for the rent and taxes herein reserved, and shall be credited for such amounts only as shall be by the lessors actually realized." The lessors have re-entered and re-let the premises at a reduced rent, the land having fallen in rentable value; and the solvent lessees ask to prove the total amount of the deficiency calculated to the end of the term.

A. A. Ranney and Brooks, Ball, & Storey, for creditor.

R. M. Morse, Jr., for assignee.

LOWELL, District Judge. I have no doubt that a former partner, or a joint covenantor with the bankrupts, who is liable for joint debts, and pays them, may prove the amount against the assets of his former partners or of his co-contractors. Ex parte Young, 2 Rose, 40; Ex parte Taylor, Id. 175; Ex parte Carpenter, Mont. & M. 1; Wood v. Dodgson, 2 Maule & S. 195; Aflalo v. Fourdrinier, 6 Bing. 306; Ex parte Ogilby, 3 Ves. & B. 133; Butcher v. Forman, 6 Hill, 583. The decision in Massachusetts, that a retired partner could not prove for debts which he had paid after the beginning of the bankruptcy, was put upon the ground that the insolvent law provided only for sureties in the strict sense (Morton v. Richards, 13 Gray, 15); a somewhat narrow construction, considering that such a partner is so far a surety that the creditor will discharge him by giving time to the remaining partners, with knowledge that they have assumed the debt (Oakeley v. Pasheller, 4 Clark & F. 207). Our statute does not raise so nice a point, because it follows the English law, in giving not only to sureties but to all "persons liable" for the bankrupt the right of proof; and this phrase undoubtedly includes retired partners. If the lessors in this case have a claim for unliquidated damages which they do not choose to offer in proof, then, under rule 30 of the supreme court, the retired partners may offer it in the name of the lessees.

After reflection and consideration, I regret to find that, in my opinion, the liability is not one which can be proved. If the contract were a little different, and provided merely that the lessees should pay any loss or damage consequent upon the diminished value of the premises, the amount would be capable of ascertainment with sufficient certainty. Ex parte Llynvi Coal & Iron Co., 7 Ch. App. 28. I intimated in Ex parte Houghton [Case No. 6,725] that our leases might provide by stipulation for a case of this kind, and I remain of that opinion, and think it would be wise to adopt such a prac-

tice. But I am unable to reach the conclusion that the stipulation in this case is calculated to work out the result. It seems to provide that the lessees, after a breach, shall remain liable for the rent precisely as before, excepting that they are to be credited with any sums actually received for the use of the premises. This brings the case, unfortunately, within the numerous decisions concerning rent, which, not accruing at once, cannot be estimated beforehand. The original lessees, therefore, would not be liable for a gross sum at any time, nor could we ascertain, with any certainty, what sums they will be entitled to have credit for during the remainder of the term. Proof rejected.