### In re SHAFFER.

(District Court, D. Massachusetts. July 21, 1903.)

No. 7,245.

1. BANKRUPTCY—CLAIMS—LANDLORD AND TENANT—BREACH OF LEASE—COVENANTS.

A lessor is not entitled to prove a claim for damages against the lessee's estate in bankruptcy for breach of a covenant by the lessee that on the latter's bankruptcy the lessor might terminate the lease and re-enter, and that the lessee should be liable for all loss and damage sustained by .the lessor on account of the premises remaining unleased or being let for the remainder of the term for a less rent than that reserved in the lease.

In Bankruptcy.

Tower, Talbot & Hiler, for creditor.

Morse, Hickey & Kenney, for trustee.

LOWELL, District Judge. The bankrupt was tenant under a lease which provided that upon his bankruptcy the lessor might terminate the lease and re-enter, and "in case of such termination the lessee shall be liable to the lessor for all losses and damage sustained by the lessor on account of the premises remaining unleased or being let for the remainder of the term for a less rent than that herein reserved." The lessor has duly re-entered, and seeks to "prove for damages sustained on account of breach of condition of a lease." In In re Ells (D. C.) 98 Fed. 967, this court held that the lessor could not prove for a breach of a covenant by the lessee that he would after re-entry indemnify the lessor against all the loss of rents and other payments which might occur by reason of the termination of the lease. In effect the covenant in the case at bar is the same. The liability is contingent, not only upon re-entry by the lessor, but upon loss of rent or other damage occurring. "If the lessor permitted the lease to continue, or if the rent subsequently obtained by him equaled or exceeded that provided in the lease, the claim would not arise." 98 Fed. 969. The covenant here is not like that suggested by Judge Lowell in Ex parte Lake, 2 Low. 544, 546, Fed. Cas. No. 7,991, "to pay any loss or damage consequent upon the diminished value of the premises." The diminished value would be a fact to be proved as of the date of bankruptcy or re-entry. But·in the case at bar damages could not be ascertained until the arrival of the term of the lease as originally limited, or until there had been a reletting at a reduced rent. Judgment affirmed.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. §§ 479, 482.