## In re BUCHAN'S SOAP CORPORATION.

### (District Court, S. D. New York. May 4, 1909.)

### No. 10,929.

1. BANKRUPTCY (§ 363*)—PROOF OF CLAIM—RIGHT OF ACTION—WAIVER.
   The filing of proof of claim in bankruptcy is not a waiver of a right of action on the claim in another court.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 363.*]

2. BANKRUPTCY (§ 320*)—UNLIQUIDATED CLAIMS—SUIT.
   Under Bankr. Act March 2, 1867, c. 176, 14 Stat. 517, providing that unliquidated claims shall be liquidated in such manner as the court shall direct, they may be liquidated by hearing before the referee, by a plenary suit in a court of competent jurisdiction, or by permitting an action pending in any court to proceed to judgment.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 320.*]

3. BANKRUPTCY (§ 319*)—CLAIMS—LIQUIDATION.
   Where an action on an unliquidated claim is pending in a state court when bankruptcy occurs, and the trustee does not apply for a stay, but permits the case to go to judgment, the claim is thereby liquidated, and the judgment affords proper proof of the amount of the claim as liquidated.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 491; Dec. Dig. § 319.*]

4. ABATEMENT AND REVIVAL (§ 12*)—OTHER ACTION PENDING—ACTION IN STATE AND FEDERAL COURTS.
   Since an action pending in a state court is no bar to another action on the same claim in a federal court, and vice versa, the pendency of a bankruptcy proceeding is not a bar to a proceeding in a state court for the liquidation of a claim.

   [Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 12.*]

5. ABATEMENT AND REVIVAL (§ 17*)—OTHER ACTION PENDING—PLEADING.
   The defense of a former action pending must be pleaded in the second action, to be available.

   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 123–136; Dec. Dig. § 17.*]

6. BANKRUPTCY (§ 320*)—CLAIMS—LIQUIDATION IN STATE COURT.
   A bankrupt's trustee cannot abstain from obtaining a stay of a suit pending in a state court on a claim against a bankrupt, and then, if the judgment is unsatisfactory, have the claim liquidated over again by a proceeding in the bankruptcy court.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 320.*]

In Bankruptcy.

Philbin, Beekman & Menken (S. Stanwood Menken and William C. Armstrong, of counsel), for trustee.

Frankenthaler & Sapinsky (Joseph Sapinsky and Eli J. Blair, of counsel), for creditor.

HOLT, District Judge. I am not able to concur with the conclusion of the referee in this case. Under the bankrupt act of March 2, 1867 (14 Stat. 517, c. 176), the filing of the proof of claim was a waiver of a right of action on the claim in another court. The present bankrupt act does not contain such a provision, but it provides

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that unliquidated claims shall be liquidated in such a manner as the court shall direct. This may be done either by directing a hearing before the referee in charge, or by directing a plenary suit to be brought in any court having jurisdiction, or by permitting an action pending in any court to proceed to judgment. When an action on an unliquidated claim is pending in a state court at the time that bankruptcy occurs, and the receiver or trustee applies for an order to stay proceedings in such action, such an order is usually made, in view of the greater simplicity and promptness of a proceeding before the referee; but if a trustee does not apply for a stay, and permits the case to go to judgment, in an action pending in a state court, the claim is thereby liquidated, and the judgment affords proper proof of the amount of the claim as liquidated.

I do not think that the doctrine that an action pending in a court is a bar to a subsequent action on the same claim in the same court has any application. In the first place, an action pending in a state court is no bar to another action on the same claim in the United States court, and vice versa. In the second place, if the case is pending in the same court, the defense of a former action pending must be duly pleaded in the second action. The defendant in such second action cannot let the case go to judgment, and then, if the judgment does not suit him, claim that the pendency of the former action is a bar. So a trustee in bankruptcy cannot abstain from obtaining a stay of a suit pending in a state court, and then, if the judgment recovered is unsatisfactory to him, claim the right to have the claim liquidated over again by a proceeding in the bankruptcy court. Moreover, in this case the action was brought in the state court before the defendant went into bankruptcy, so that, if this doctrine had any application, the state court suit would bar the proceeding to reliquidate in bankruptcy; but the entire doctrine has no application to such cases, in my opinion. If the trustee is dissatisfied with the amount of the judgment, his remedy is to apply in the state court to open the default.

If no such application is made, or if such an application is made and denied by the state court, I think that the proof of claim on the judgment should stand, and the other two proofs of claim should be withdrawn from the referee's files.