## In re BARRETT & CO.

### Claim of RHODES.

District Court, S. D. Georgia, Augusta Division.
June 21, 1928.

### No. 1746.

1. Bankruptcy ⊜⇒4, 9(2)—Bankruptcy Act supersedes conflicting general legal principles and state statutes (Bankr. Act [11 USCA]).

Bankruptcy Act (11 USCA), passed pursuant to the Constitution, is part of the supreme law of the land, superseding principles of general jurisprudence and state statutes in conflict therewith.

2. Bankruptcy ⊜⇒341—"Allowance of judgment" as claim in bankruptcy, whether rendered before or after filing of petition, means treatment thereof as conclusively fixing existence and amount of liability (Bankr. Act, § 63a (5); 11 USCA § 103(a), (5).

To allow judgment as claim in bankruptcy, whether absolutely owing when petition was filed under Bankruptcy Act, § 63a, 11 USCA § 103(a), or subsequently rendered before consideration of application for discharge, under subdivision (5) (11 USCA § 103(a), (5), means to treat it as conclusively fixing existence and amount of liability, which is of very nature of judgment.

3. Abatement and revival ⊜⇒43—Bankruptcy does not divest other courts than bankruptcy court of jurisdiction over bankrupt's person.

The bankruptcy of a person does not of itself divest other courts than the bankruptcy court of their jurisdiction over his person.

4. Abatement and revival ⊜⇒43—Personal suit is not abated by defendant's bankruptcy, but court retains jurisdiction over bankrupt's person only.

A personal suit is not abated by defendant's bankruptcy, though it may be temporarily stayed pending bankruptcy proceedings, if based on provable debt, but court retains jurisdiction over bankrupt's person only; jurisdiction over

his property and its burdens having passed to bankruptcy court.

5. Evidence ⊜⇒43(1)—Court does not judicially notice bankruptcy proceeding in suit against bankrupt.

Court does not judicially notice bankruptcy proceeding, in suit against bankrupt, but it must be pleaded and proved.

6. Bankruptcy ⊜⇒319—Fair distribution of estate among creditors through federal courts being prime object of Bankruptcy Act, distributees' claims must be ascertained by bankruptcy court, without regard to judgments of other courts (Bankr. Act [11 USCA]).

Fair and equal distribution of bankrupt estate among creditors through federal courts being prime object of Bankruptcy Act 11 USCA), distributees' claims must be ascertained, as well as bankrupt's property collected, by bankruptcy court, without regard to judgments of other courts.

7. Bankruptcy ⊜⇒319—Only provable debts, reduced to judgment after filing of bankruptcy petition pursuant to statute, are binding on trustee not party to suit (Bankr. Act, §§ 11b, 11c, 63a, 63b; 11 USCA §§ 29(b), (c), 103(a), (5), (b).

Only provable debts, reduced to judgment after filing of petition in bankruptcy pursuant to provisions of Bankruptcy Act, are binding on trustee, not made party to suit nor directed to defend it, under section 63a (5), 11 USCA § 103(a), (5), in view of section 63b, 11 USCA § 103(b), and sections 11b, 11c, 11 USCA § 29 (b), (c).

8. Bankruptcy ⊜⇒319—Money judgment against bankrupt pending bankruptcy does not bind trustee, not party to suit nor directed to defend it (Bankr. Act, § 63a (5); 11 USCA § 103(a), (5).

Under Bankruptcy Act, § 63a (5), 11 USCA § 103(a), (5), a money judgment, rendered against bankrupt pending bankruptcy, does not bind trustee, not made party to suit nor directed by bankruptcy court to defend it.

9. Bankruptcy ⊜⇒319—Trustee, without notice of amendment of petition changing tort suit against bankrupt to suit on implied contract, held not bound by judgment against bankrupt (Bankr. Act, § 63a (5); 11 USCA § 103(a), (5).

Where petition in original suit against corporation, alleged to be in possession of cotton delivered by warehouseman without petitioner's authority in payment of obligation due defendant, alleged no conversion by latter, defendant's trustee in bankruptcy could safely ignore it, as judgment would not have been provable under Bankruptcy Act, § 63a (5), 11 USCA § 103(a), (5), and was not bound by amendment, without notice to him, alleging that defendant sold cotton and appropriated proceeds, with notice of petitioner's title and under implied contract to pay him value thereof.

In Bankruptcy. In the matter of the bankruptcy of Barrett & Co., a corporation. From a judgment of the referee, sustaining

the claim of A. S. Rhodes, the trustee appeals. Reversed, with direction.

Paul T. Chance, of Augusta, Ga., for claimant.

Fleming & Fleming, of Augusta, Ga., for trustee in bankruptcy.

SIBLEY, District Judge. On June 26, 1923, Rhodes filed, in a state court, a petition at law against Barrett & Co., a corporation, alleging that it was in possession of 68 bales of cotton belonging to petitioner, particularly described by marks and weights, of the value of $10,196.83, which had been stored by petitioner with Pilcher & Dillon, warehousemen, and which Pilcher & Dillon had delivered, without petitioner's authority, to Barrett & Co., in payment of obligations due Barrett & Co by Pilcher & Dillon. The prayer was "for the judgment of the court" and for process. On July 30, 1923, Barrett & Co. was adjudged a bankrupt. At the appearance term of the suit, in August, 1923, Barrett & Co. answered, denying liability, and, setting up the pending bankruptcy, prayed a stay of the suit. On September 13, 1923, Rhodes filed a proof of his claim in bankruptcy for $10,196.83, attaching a copy of said petition. No stay of the suit was ordered by the state or bankruptcy court, but no action was taken in it until September 20, 1926, when Rhodes had his case set down for trial, notifying the original counsel for Barrett & Co. and the counsel for the trustee in bankruptcy. These counsel appeared in court, but declined to participate in the trial —counsel for Barrett & Co. claiming to be no longer employed, and counsel for the trustee claiming that the trustee, not being a party, was not interested in the trial and would not be bound by its result; that Rhodes had filed his claim in the bankruptcy court, and that court alone had jurisdiction to pass on its validity.

These counsel having left the court, Rhodes amended his petition by alleging that Barrett & Co., at the time of receiving the cotton, had sold it on the market and appropriated the proceeds, with notice of his title and under an implied contract to pay him the value of the cotton. A verdict was had for the plaintiff, no one contesting it, and a judgment was taken against Barrett & Co. for $10,196.83 and costs. Rhodes then amended his claim in the bankruptcy case by setting up this judgment. The trustee thereupon moved the referee to disallow the claim on grounds going to its merits. On a hearing the referee held that section 63a(5) of the

Bankruptcy Act (11 USCA § 103(a) (5), touching the allowance of judgments obtained pending bankruptcy was applicable, and precluded any inquiry into the merits, and he sustained the judgment as a valid claim. The question is as to the conclusiveness in the bankruptcy court of a money judgment against the bankrupt, rendered pending the bankruptcy, after notice to the trustee, but without his participation, when he is not made a party by the trial court, nor directed to defend by the bankruptcy court.

[1, 2] The jurisdiction in bankruptcy is derived from the Constitution of the United States, and is paramount. The Bankruptcy Act (11 USCA), passed in pursuance of the Constitution, is part of the supreme law of the land, superseding principles of general jurisprudence and state statutes, if in conflict with them. The ascertainment of the meaning of the act is therefore all-important. Section 63a deals with provable claims, naming as among such "debts * * * which are (1) a fixed liability as evidenced by a judgment or an instrument in writing, absolutely owing *at the time of the filing* of the petition against him, * * * and (5) founded upon provable debts reduced to judgments *after the filing of the petition* and before the consideration of the bankrupt's application for a discharge." In both instances, to allow the judgment as a claim fairly means to treat it as conclusively fixing the existence and the amount of the liability; this being of the very nature of a judgment. As to the judgments first mentioned, those rendered prior to bankruptcy, they are of necessity against the bankrupt alone; but the trustee, being a privy since the judgment, and taking the estate subject to the liabilities against it as they existed at the time of the filing of the petition, is naturally and properly bound by it, unless attackable for collusion. Merely personal judgments against the bankrupt, rendered after the adjudication and after the rights and liabilities of the bankrupt estate have become fixed, the trustee being no party to them, should reasonably not bind the trustee nor the estate.

[3-5] Since Peck v. Jenness, 7 How. 612, 12 L. Ed. 841, and Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403, it has been recognized that the bankruptcy of a person does not, of itself, divest other courts than the bankruptcy court of their jurisdiction. Pending suits to enforce specific liens or to deal with specific property (other than insolvency proceedings) are generally not to be interfered with by the bankruptcy court, unless to have

the trustee intervene. A personal suit against the bankrupt is not abated, though it may, if on a provable debt, be temporarily stayed pending bankruptcy. The court does not judicially notice the bankruptcy proceeding, but it must be pleaded and proved. Boynton v. Ball, 121 U. S. 457, 7 S. Ct. 981, 30 L. Ed. 985. If at last a discharge in bankruptcy be granted, but the bankrupt neglects to plead and prove it, a judgment against him for the debt rendered afterwards is valid and binding on him. Dimock v. Revere Copper Co., 117 U. S. 559, 6 S. Ct. 855, 29 L. Ed. 994. But in such personal suits the jurisdiction which the trial court retains after bankruptcy is only what it had before—a jurisdiction over the person of the bankrupt. The jurisdiction over his property and its burdens has passed to the bankruptcy court. Nothing that the bankrupt thereafter does or suffers to be done can affect them. Not the bankrupt, but the trustee, is thenceforth the representative in law of the bankrupt's former business in so far as it may affect the distribution of the estate.

[6] To make a fair and equal distribution of the estate to creditors through the federal courts is a prime object of the Bankruptcy Act. To accomplish it, it is just as important that the claims of the distributees be ascertained by the bankruptcy tribunal as that the bankrupt's property should be collected by it. That the distribution should be controlled by the judgments of other courts in any jurisdiction where the bankrupt can be served, the creditor perhaps selecting a favorable forum, and the bankrupt perhaps playing favorites in defending, would be most unfortunate. Even if notice and opportunity to defend be given the trustee, much embarrassment would, and much injustice might, ensue.

[7] The provable debts reduced to judgment after the filing of the petition, mentioned in section 63a (5), do not include all such judgments rendered against the bankrupt. Literally applied, as the referee applied them, the words would include judgments by default and judgments without notice to the trustee, for there is nothing in the act to differentiate them. But I am persuaded that only provable debts reduced to judgment after the filing of the petition *pursuant to the provisions of the act* are meant. One such provision for reduction to judgment occurs in section 63b (11 USCA § 103(b), immediately following: "Unliquidated claims against the bankrupt may, *pursuant to application to the court,* be liquidated in such manner as *it shall direct."* Liquidation by the trial of

27 F.(2d)—11

a suit, if so directed, would result in a provable judgment. Liquidation by a trial against the wish of the bankruptcy court, and without the participation of its trustee, would not.

Again, in section 11, dealing with suits pending at the time of the bankruptcy, it is provided: "(b) *The court* may order the trustee to enter his appearance and defend any pending suit against the bankrupt. (c) A trustee may, *with the approval of the court,* be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though * * * commenced by him." 11 USCA § 29 (b), (c). If the trustee thus defends, he, of course, is bound by the judgment; but the act studiously subjects his entrance into litigation in other courts to the direction of the bankruptcy court.

The authorities on the question are not clear or consistent. Norton v. Switzer, 93 U. S. 355, 23 L. Ed. 903, was decided under the Bankruptcy Act of 1867 (14 Stat. 517). The assignee there was formally made a party and served as such, and the judgment thereafter rendered, he not defending, was held to bind him in fixing the existence and amount of the debt. No allusion is made to the provision in that act (R. S. § 5106) that a suit may proceed to judgment to fix the amount due "by leave of the court in bankruptcy." See Hill v. Harding, 107 U. S. 631, 2 S. Ct. 404, 27 L. Ed. 493, where the section is interpreted. Under the present act (In re Buchan's Soap Corporation [D. C.] 169 F. 1017), the trustee was held bound by the result of a default judgment against the bankrupt, although the claim had been filed for allowance in the bankruptcy court. It does not appear from the report whether the trustee was made a party or only notified of the trial. The same court in Re Hoey, Tilden & Co., 292 F. 269, held to the contrary, refusing to let its officer defend a suit on the ground that he would not be bound by the result. In re McBryde (D. C.) 99 F. 686, upheld a suit at law pending bankruptcy as effectual to stop the running of limitation, but made no ruling on the conclusiveness of the judgment. In re Brady Foundry Co. (C. C. A.) 3 F.(2d) 437, holds the trustee not bound by a default judgment against the bankrupt, he having notice of the suit and attempting to open the judgment afterwards, but not otherwise being a party.

[8] Upon the broad ground that under a proper construction of the Bankruptcy Act, a money judgment against the bankrupt, rendered pending bankruptcy, does not bind a

trustee, who was not made a party to the suit, nor directed by the bankruptcy court to defend it, I think the referee erred in his ruling.

[9] The same result may be reached upon a narrower ground, thus: In Georgia personal property may be recovered in specie, on proof of title in the plaintiff and possession in the defendant, without proof of demand and refusal or other conversion. Damages for conversion, however, are allowable only where a conversion is shown. Rhodes' original suit alleged no conversion by Barrett & Co. It would hardly have justified a recovery of money damages. It certainly presented no case of a sale of his property for cash, on which he might waive the tort and claim the money. It set forth a pure tort, not a debt provable in bankruptcy. A judgment on it would not have come within section 63a(5) most broadly considered. The trustee could safely ignore it. The amendment made without notice to him, and of doubtful propriety under Georgia law, entirely changed the case, and made it possibly a suit on implied contract, and thus a debt provable in bankruptcy. Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147; Tindle v. Birkett, 205 U. S. 183, 27 S. Ct. 493, 51 L. Ed. 762. According to Crawford v. Burke, suing in tort does not preclude afterwards ratifying the tort and claiming liability on an implied contract. But, if so, it was no longer the suit of which the trustee had notice, and a judgment in a personal suit against the bankrupt, of whose pendency the trustee has no notice, may quite safely be held not to bind him or the estate he represents.

The judgment of the referee is therefore reversed, and he is directed to consider the claim anew and upon its merits, without reference to its adjudication by the state court.