**In re SERVICE APPLIANCE CO., Inc.**
No. 14242.

District Court, N. D. New York.
March 24, 1930.

Kellogg, Cande & Myers, of Pittsfield, Mass., Cravath, De Gersdorff, Swaine & Wood, of New York City (Jesse C. Millard, of New York City, of counsel), for claimant.

Oppenheimer, Kaufman, Haiblum & Kupfer, of New York City (Milton Kupfer, of New York City, of counsel), for trustees.

COOPER, District Judge.

This is a petition by Albert W. Wood of Pittsfield, Mass., to review the decision of Homer J. Borst, referee in bankruptcy, rejecting his claim against the above-named bankrupt estate.

The petitioner is the owner of real property in Pittsfield, Mass., which was occupied by the bankrupt under a lease dated February 1, 1926, running for a term of five years at a rental of $3,000 per annum, payable in monthly installments of $250 each on the first day of each month in advance.

On the 12th of July, 1928, the Service Appliance Company, Inc., notified the claimant that it was about to discontinue business on the leased premises, and would surrender the same. It is asserted by the claimant but disputed by the trustees that on the 24th day of July, 1928, the said Service Appliance Company Inc., did vacate and surrender the said premises. The rent had been paid to July 31, 1928.

On the 24th day of July, 1928, the claimant Wood brought an action in the superior court of Berkshire county, Mass., to recover the sum of $5,000 damages for breach of the said lease against the Service Appliance Company, Inc., by service of a writ of attachment issued by said court, under which there was seized, at the instance of the plaintiff in said action, certain merchandise and furniture of the said company.

On the same day an involuntary petition in bankruptcy was filed against the said Service Appliance Company in this district. Adjudication was had on the 18th day of September, 1928, and trustees were subsequently elected. On the 29th day of October, 1928, this court made an order confirming a composition and providing that claims filed with the referee on or before November 10, 1928, might share in the composition. The time for filing claims generally expired six months from September 18, 1928, or on March 18, 1929.

On the 2d of November, 1928, the said Albert W. Wood filed his verified claim in the sum of $5,000 with referee Borst, to whom the matter had been referred. The nature of the claim, as stated therein, is as follows:

"This debt is for breach of contract, to wit: a written lease of a certain store on North Street in the City of Pittsfield, as set forth in the declaration in a suit at law brought by the plaintiff against the said Service Appliance Company Inc., in the County of Berkshire, Commonwealth of Massachusetts, and now pending therein. A copy of such declaration and of said lease in hereto annexed.

"And to the damages for said breach of contract which have not been fixed and determined, the claimant prays that he may be allowed to amend the proof of claim, when the amount of said claim may have been determined by said Superior Court of Berkshire County or in such other manner as this Court may direct."

On November 24, 1928, the referee made an order directing various claimants, including said Albert W. Wood, to show cause why their claims should not be rejected. The order to show cause was returnable on December 7, 1928, and adjourned to December 31, 1928, when claimant not appearing his claim was dismissed, neither claimant nor his attorney being present.

Correspondence submitted by claimant but not formally in the record shows that claimant may have understood, though perhaps not entirely correctly, that it was not necessary for him to appear before the referee and support his claim until after the determination of the case in the state court. On January 7, 1929, upon the petition of the trustees, the referee made an order directing the release of the aforesaid personal property from the aforesaid attachment issued by the superior court of Berkshire county, Mass., in the aforesaid action in that court. The following was the final provision in said order:

"Ordered that the making and entry of this order shall be without prejudice to the right of Albert Wood to prove his claim heretofore filed herein or the priority therein demanded, so far as the same may be lawful."

634

It is presumed in the absence of proof that the said chattels were surrendered to the trustees.

▮ A firm of attorneys appeared and filed an answer for the defendant Service Appliance Company in said action in the superior court, and on January 16, 1929, there was a hearing on the merits of said action, on January 17, 1929, a finding for the plaintiff of $5,000 damages was made, and on February 5, 1929, a judgment was entered against the Service Appliance Company, Inc., in favor of said Albert W. Wood in said action for $5,000 damages and $14.25 costs. On February 9, 1929, an amended claim was filed by the claimant Albert W. Wood with the referee herein for the amount of $5,014.25, based upon a certified copy of said judgment. At the request of the claimant, hearing was held on September 4, 1929, by the referee on the said amended claim. On September 5, 1929, the referee made an order rejecting said claim in full. The claimant thereupon duly petitioned this court for a review of the decision of the referee rejecting said claim. The referee's certificate states:

"That the question presented on this review is whether a creditor who is a lessor of the premises leased to the bankrupt has a proper claim against the assets of the bankrupt estate for rent accruing to the termination of the lease after adjudication of bankruptcy and after bankrupt has vacated said premises, and whether a default judgment of a Court of another State in favor of said lessor and against the bankrupt corporation for the amount due for the balance of the term is binding upon the trustees in this proceeding, when the trustees have not appeared in such an action."

The claim was not for rent but for damages for breach of the contract of lease, and will be so considered herein.

The claimant asserts that the judgment in the superior court of Berkshire, Mass., was a liquidation of the amount of the claim of said Wood against said bankrupt, and that the validity and amount of said claim as contained in said judgment are binding and conclusive on this bankruptcy court.

In re Buchan's Soap Corporation, 169 F. 1017, a decision in the district court of the Southern district of New York, rendered May 4, 1909, upholds the contention of the plaintiff herein. But a later decision in the same district court (In re Hoey, Tilden & Co., 292 F. 269, decided in 1922) holds to the contrary. So, also, do the following cases. In re James A. Brady Foundry Co. (C. C. A.) 3 F.(2d) 437. In re Barrett & Co. (D. C.) 27 F.(2d) 159, affirmed in substance under the title of Rhodes v. Elliston, 29 F. (2d) 737, by the Circuit Court of Appeals in the Fifth circuit.

The Bankruptcy Act gives the federal courts exclusive jurisdiction of the administration of the affairs of bankrupts. Bankruptcy Act of 1898, § 2 (11 USCA § 11); In re Watts & Sachs, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933; United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055; Petition of Shortridge et al. (C. C. A.) 20 F.(2d) 638.

Section 11a of the Bankruptcy Act, 11 USCA § 29(a), provides that the bankruptcy court may stay outstanding actions in the state courts. In United States Fidelity etc., Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055, the Supreme Court held that the Federal District (then circuit) Court, as distinguished from the bankruptcy court, had no jurisdiction of an action brought after the bankruptcy to determine the amount and priority of claims, and that the bankruptcy court could not surrender its jurisdiction by giving its express consent to the bringing of such action.

This court holds upon reason and authority that the judgment rendered in the superior court of Massachusetts against the bankrupt is not binding upon the bankruptcy court as to the amount and validity of the claimant's claim against the estate of the bankrupt.

▮ The fact that the claimant levied an attachment against certain personal property of the bankrupt at the commencement of his action in the state court does not bring the case within the doctrine that, when in an action in the state court brought before bankruptcy, the state court has actual or constructive possession of certain res, the state court may proceed to judgment, and the judgment is binding in the bankruptcy court as to such res.

Such would have been the effect of the judgment in the state court as to the particular property of which the state court took custody and no farther, were it clear that the cause of action existed and the action was brought before the filing of the petition in bankruptcy, had not the claimant surrendered such property to the trustees and acquiesced in the direction of the bankruptcy court to deliver such seized property to the trustees in bankruptcy.

In view of such acquiescence and delivery of the property, the judgment of the state court was solely in personam and not binding on the bankruptcy court, even as to the res seized under the attachment.

It is true that in the original proof of claim the claimant asked· to later amend his proof of claim when the amount of the claim had been determined in the state court action, or in such other manner as the bankruptcy court might direct.

But the claimant could not rest in silence, nor upon his own selection of a forum for the determination of his claim. Notice was thereafter served on him to show cause before the referee why his claim should not be rejected in toto, and the same was rejected December 28, 1928. Moreover, on January 9, 1929, upon order of the referee, the claimant surrendered to the trustees all the personal property seized under the attachment in the state court action. Surely claimant could have been in no doubt that the bankruptcy court had passed upon his claim and rejected it entirely. The only way claimant could have used his judgment in the state court as proof of his claim in the bankruptcy court was. to· have obtained leave of the referee to make the trustees parties under the act (11 USCA § 29(d). Rhodes v. Elliston (C. C. A.) 29 F.(2d) 737.

Moreover, the power of the bankruptcy court extends to· actions pending at the time of bankruptcy, and was doubtless intended chiefly to apply to actions in which property of the bankrupt was in the custody of the state courts. Though brought on the same day, there is no proof showing whether the bankruptcy or the state court action was first brought. ·

The case of Claflin v. Houseman, 93 U. S. 130, 23 L. Ed. 833, upon which claimant relies to establish concurrent jurisdiction in the state and bankruptcy courts, was based upon the bankruptcy act of 1867 (14 Stat. 517), and is without application to the present act.

The question still remains whether or not there was a breach of the contract of lease before the filing of the petition in bankruptcy on July 24, 1926, and, if so, whether claimant has any claim provable against the bankrupt's estate for damages resulting therefrom.

If a bankrupt is in occupation of leased premises at the time of bankruptcy, and his only breach is failure to pay rent already accrued, then such rent as has accrued prior to the filing of the petition in bankruptcy constitutes a provable claim against the bankrupt's estate, and the remainder of the rent which accrues after the bankruptcy is a liability of the tenant subsequent to the bankruptcy, but is not a liability of his estate in bankruptcy. Watson v. Merrill (C. C. A.) 136 F. 359, 69 L. R. A. 719; In re Roth & Appel (C. C. A. 2d) 181 F. 667, 31 L. R. A. (N. S.) 270.

The doctrine of the Roth & Appel Case, supra, is reaffirmed in In re Mullings Clothing Co. (C. C. A.) 238 F. 58, 68. See, also, the following cases arising in Massachusetts. In re Ells (D. C.) 98 F. 967; In re Shaffer (D. C.) 124 F. 111; Slocum et al. v. Soliday (C. C. A.) 183 F. 410.

These authorities put the claim of the claimant in the class of unprovable debts and require the affirmance of the referee's decision unless there was a breach of the lease prior to and independent of bankruptcy, which claimant contends was the case, and unless such breach gives rise to a claim against the bankrupt's estate provable in bankruptcy.

Claimant asserts that the giving on July 12th of notice of intention to· vacate was a breach of the lease, and that the liability at once arising accrued before the bankruptcy and is a provable debt against the bankrupt's estate. Provable claims under the Bankruptcy Act include only such acts as existed at the filing of the petition in bankruptcy. Zavelo v. Reeves, 227 U. S. 625, 631, 33 S. Ct. 365, 57 L. Ed. 676.

Had this contract been wholly executory on July 12th, an unequivocal notice of, a refusal, or a disability to perform would have constituted a breach. But this contract was not wholly executory. On the contrary, it had been in process of performance for more than two years. Indeed, on July 12th, the contract had been completely performed for a period beyond July 12th, namely a period ending July 31st.

A mere notice of intention to vacate the leased premises was not a breach of the lease, especially where the tenant was not then in default. It required, in addition, either a disability to further perform, or a permanent removal from the premises to constitute a breach. Neither took place on July 12th nor at any other time before bankruptcy according to the trustees' contention, which must be accepted herein in the absence of proof to the contrary. If bankruptcy had not ensued and the tenant had remained in

possession and paid the rent on August 1st in advance for the month of August, the lease would have continued in force despite the notice of July 12th.

■ It is not until a landlord accepts the surrender of the lease, or the tenant actually removes therefrom, or disables himself from performing, that a lease terminates. In the one case, the termination is by mutual consent; in the other cases, by breach. The notice of July 12th, without other acts of non-performance or disability, and without acceptance of surrender, was without legal effect.

■ The claimant further asserts that the bankrupt removed from the premises on July 24th, prior to the filing of the petition in bankruptcy. The petition was filed on that day, and the action by the claimant in the state court of Massachusetts was also commenced on that day. The trustees contend that the premises were not vacated before the filing of the petition in bankruptcy, but that the claimant in the state court action attached certain personal property of the bankrupt while still in the leased premises. The question of whether or not the bankrupt vacated leased premises before the filing of the petition is one of fact, and no proof appears in the record by which the question can be determined. The burden is on the claimant to show breach by removal from the premises before bankruptcy.

■ The essential covenant on the part of the tenant is the payment of the rent. The tenant may never actually occupy the leased premises, but, in the absence of provisions requiring occupation, the lease is in full force and effect as long as the tenant pays the rent. The tenant had paid rent to August 1st. There could be no breach until August 1st, so far as payment of rent is concerned; despite the notice of July 12th or the alleged removal of July 24th. This places the breach arising from the alleged removal at a day subsequent to the bankruptcy petition. Even if the landlord had re-entered on July 24th, the breach would seem not to become effective under the terms of this lease until August 1st.

■ We now come to the question whether or not the filing of the involuntary petition in bankruptcy constituted a breach of the lease. It must be admitted that, in ordinary contracts, whether they are wholly executory, or partly executed and partly executory, the filing of a petition in bankruptcy, whether voluntary or involuntary, is the equivalent of an anticipatory breach of an executory agreement. Central Trust Co., of Illinois v. Chicago Auditorium Association, 240 U. S. 581, 592, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580.

At least this is so if the involuntary petition is followed by adjudication. This might give claimant a provable claim for damages for breach of the lease were it not that cases of landlord and tenant are by the same authority held not to be within this rule (page 590 of 240 U. S., 36 S. Ct. 412).

It has, however, been held in the district court in Ohio, even in cases of landlord and tenant, that the landlord has a provable claim in bankruptcy for his damages for breach of the lease arising solely from the bankruptcy. In re Bissinger Co. (D. C.) 5 F.(2d) 106, 113. But that case is not controlling here.

The case at bar must be governed, therefore, by the authorities hereinbefore referred to, holding that the filing of a petition in bankruptcy while a tenant is in possession of lease of premises does not give the landlord a provable claim against the estate of the bankrupt for the rent thereafter accruing, nor for breach of the lease.

The case of Kothe, Trustee v. R. C. Taylor Trust Co., decided by the United States Supreme Court, January 6, 1930, and reported in 280 U. S. 224, 50 S. Ct. 142, 74 L. Ed. ——, 15 A. B. R. (N. S.) at page 62, reversing the lower courts, upon which lower court's decision claimant relied in the court below, and upon which Supreme Court decision the trustees here rely, has little application. That case merely decides that a provision in a lease that, in case of bankruptcy, the landlord may recover an amount equal to the rent for the balance of the term as damages, provides in substance for a penalty and not for liquidated damages and, as such, gives a preference to the landlord over other creditors and is void and unenforceable.

■ But even if bankruptcy constituted a breach of a lease, or if a breach occurred before bankruptcy, under the law of landlord and tenant, the landlord may not, in such a lease as this, maintain an action for damages immediately upon the breach. The damages cannot be ascertained until the termination of the term of the lease or, at least, not until a re-entry and re-letting for the balance of the term. The claim for damages for breach of such a lease is, therefore, not a provable debt in bankruptcy.

In a leading case in New York, a lessor in a lease for a long term of years was held

not to have any cause of action before the expiration of the lease against the tenant who had been put out of possession for non-payment of rent, and where the re-letting had been for less than the balance of the term. In this case (Hermitage Co. v. Levine, 248 N. Y. 333, at page 338, 162 N. E. 97, 98, 59 A. L. R. 1015), the court in an opinion by Judge Cardozo said:

"None the less, in the absence of a provision [in the lease] that points with reasonable clearness to a different construction, a liability for damages resulting from a re-letting is single and entire, not multiple and several. The deficiency is to be ascertained when the term is at an end."

There is no provision in the lease at bar which would bring this case within the exception of the cited case.

The law in Massachusetts, as to the damages which a lessor may recover for breach of such a lease as this, appears to be like the law of New York, at least as applied in the bankruptcy courts. In Prescott F. Hall's "The Massachusetts Law of Landlord and Tenant" (1922) the text says at § 328, page 434:

"So, where the covenant is that the landlord may re-enter and the tenant shall be liable for damages on account of the premises remaining unleased or leased at a lower rent for the remainder of the term, the lessor cannot prove his damages (in bankruptcy) for breach of the covenant; for the liability is contingent not only upon re-entry but upon there being a loss and the latter could not be reascertained until the end of the term or until a re-letting at a reduced rent."

Cases Cited to support this proposition are: In re Shaffer (D. C. Mass.) 124 F. 111; In re Ells (D. C.) 98 F. 967; In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270; In re Mullings Clothing Co. (D. C.) 230 F. 681.

The case of Slocum v. Soliday, 183 F. 410 (C. C. A. 1); arising in Massachusetts, also supports this view.

It should be borne in mind that claimant's lease is barren of any provisions for re-entry, re-letting, or for measuring damages in case of breach.

█ There seems, then, to be no ground on which claimant can establish a provable debt against the bankrupt's estate. The trustees contend that the amended claim cannot be allowed because filed too late, but the referee expressly held that his decision upon the amended claim was upon the merits, and not because the claim was not filed in time, and the trustees are bound thereby, so far as this review is concerned, and may not raise such question here. The foregoing would require an affirmance of the decision of the referee.

█ Inasmuch, however, as claimant may desire to further review the denial of his claim, and may not wish to rely entirely on the judgment of the state court as establishing his claim, nor on the bankruptcy as the sole breach of the lease, but may desire to show a breach prior to and independent of the bankruptcy which now rests on assertion rather than proof, he should have opportunity to present such proof and also proof of re-entry and re-letting, if any. Claimant may well have relied on his correspondence with the referee in believing that he might establish his claim in the state court rather than the bankruptcy court.

The claimant may, therefore, have ten days after the entry of service of the order to be entered on this decision to give notice of his intention to offer proof before the referee that the abandonment and surrender of the premises by the bankrupt occurred before the filing of the petition in bankruptcy, together with the right to prove such re-entry and re-letting, if any has been had, and the time thereof. Such intention to offer such proof must be evidenced by a notice to that effect to be served personally or by mail on the referee and the attorneys for the trustees within such 10 days. In such case, these proceedings are remanded to the referee for such purpose.

If no such notice is given within ten days, or within any extended time granted by the court or the referee, the decision of the referee dismissing the claim is affirmed. An order may be entered in accordance herewith.