### RHODES v. ELLISTON.

### In re BARRETT & CO., Inc.

Circuit Court of Appeals, Fifth Circuit. December 21, 1928.

No. 5478.

Paul T. Chance, of Augusta, Ga., and Henry B. Curtis, of New Orleans, La., for appellant.

Wm. H. Fleming, Boykin Wright, and Geo. T. Jackson, all of Augusta, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order of the District Judge rejecting a claim of A. S. Rhodes against the bankrupt estate of Barrett & Co., Incorporated. The claimant having died, the appeal was taken by his administratrix.

Rhodes brought suit in a state court against Barrett & Co., alleging that it was in possession of 68 bales of cotton belonging to him, which he had stored with Pilcher & Dillon as warehousemen, and that Pilcher & Dillon, without his authority, wrongfully delivered the cotton to Barrett & Co. in payment of obligations due by them to it. Shortly afterwards Barrett & Co. was adjudged a bankrupt; but its trustee was given notice of the pendency of that suit. The trustee was present at the beginning of the trial, but declined to defend. The trial proceeded ex parte, and the petition was amended, without further notice to the trustee, so as to allege that Barrett & Co. sold the cotton and appropriated the proceeds, and a judgment was rendered for its market value as of the date Rhodes made demand for it upon Pilcher & Dillon. Rhodes filed a copy of that judgment as an amendment to his proof of claim, which theretofore had been submitted to the referee. By order of the District Judge the referee rejected the judgment as conclusive proof, and proceeded to take testimony upon the merits of the claim. That testimony was in conflict upon the question whether the cotton was delivered to Pilcher & Dillon as warehousemen or as cotton factors. There was some circumstantial evidence tending to show that Barrett & Co. received the cotton from Pilcher & Dillon. There was no evidence to the effect that Barrett & Co. ever sold the cotton, but it was undisputed that it paid for all cotton it received from Pilcher & Dillon.

The judgment was a personal one against the bankrupt. It was not binding on the bankrupt estate, because the trustee was not made a party defendant. Under section 11d of the Bankruptcy Act the exclusive power to order a trustee to defend a suit in a state court is vested in the bankruptcy court. 11 USCA § 29. It therefore was not error to refuse to accept the judgment of the state court as conclusive proof of the claim in question. This being so, the burden was upon Rhodes to prove his claim by evidence on the merits. That burden could not be met merely by proof that the bankrupt was in possession of cotton belonging to Rhodes, as alleged in the original petition; but it was essential, in order to sustain the amendment, which relied upon an implied contract to account for the proceeds received by the bankrupt, to show that the bankrupt sold the cotton, and to prove the amount it received in payment. As there was no proof of sale, or of any proceeds of sale, it necessarily follows that proof of the claim asserted in the bankruptcy court was not sustained.

The order appealed from is affirmed.