C. E. Foster, *et ux.,* v. L. Elmer Thornton.

170 So. 598.
Division B.
Opinion Filed October 22, 1936.
Rehearing Denied November 18, 1936.

*Montague Rosenburg,* for Appellants;
*Stockton, Ulmer & Murchison,* for Appellees.

BUFORD, J.—The appeal in this case is from four certain interlocutory orders, to-wit: "an order made and entered on the 30th day of November in and by which said Circuit Judge did deny the motion to dismiss of the said defendants directed to the bill of complaint herein heretofore filed; an order made and entered on the 29th day of November, A. D. 1935, in and by which said Circuit Judge did overrule said defendants' objections to answer interrogatories and require said defendants to answer interrogatories; an order made and entered on the 18th day of December, A. D. 1935, in and by which said Circuit Judge did deny the motion of the defendants to transfer this cause to the law side of the court and in and by which said order the court denied the motion of the defendants to stay the further progress of said cause; and an order made and entered on the 18th day of December, A. D. 1935, in and by which the said Circuit Judge did grant supersedeas and require a prohibitive bond in the sum of $11,007.88, in that certain cause pending in said court wherein L. Elmer Thornton was and is plaintiff and C. E. Foster and Lillian M. Foster, his wife, were and are defendants."

The appellant states that there are two questions involved. The first is:

"Can a Tort Judgment Holder, Pending an Appeal, Attack Conveyances Recorded for Nearly Three Years Before Rendition of Judgment, by a Bill of Complaint

WHICH FAILS TO ALLEGE: POSITIVE AND DIRECT ALLEGATIONS OF FRAUD; SHERIFF'S RETURN NULLA BONA; NOR THAT GRANTOR WAS INSOLVENT OR IN FAILING OR EMBARRASSING CIRCUMSTANCES; NOR THAT GRANTOR HAD DISPOSED OF ALL OF HIS PROPERTY, NOR THAT GRANTOR HAD NO REMAINING ASSETS AFTER SAID CONVEYANCES?"

The second question is:

"CAN A CHANCELLOR DESTROY AN APPEAL BY PROCEEDING FURTHER IN THE CAUSE BELOW, PENDING AN APPEAL, AND EFFECTUALLY DENYING SUPERSEDEAS BY FIXING PROHIBITIVE BOND WHERE NOMINAL OR NO BOND OUGHT TO BE REQUIRED?"

The Chancellor answered both questions in the affirmative.

We think that it is not needful for us to devote any time to disposition of the second question. If any injustice was done the appellant by the order of the Chancellor fixing the supersedeas bond in the sum of $11,007.88, it was cured by this court granting a stay order on the application here pending the appeal.

The first question as presented may be answered by reference to Section 3864 R. G. S., 5771, C. G. L., which is in part as follows:

"Every feoffment, gift, grant, alienation, bargain, sale, conveyance, transfer and assignment of lands, tenements, hereditaments, and of goods and chattels, or any of them, or any lease, rent, use, common or other profit, benefit or charge whatever out of lands, tenements, hereditaments or goods and chattels or any of them, by writing or otherwise, and every bond, note, contract, suit, judgment and execution which shall at any time hereafter be had, made or executed, contrived or devised of fraud, covin, collusion or guile to the end, purpose or intent to delay, hinder or de-

fraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties, or forfeitures, shall be from henceforth as against the person or persons, or bodies politic or corporate, his, her or their successors, executors, administrators and assigns, and every one of them so intended to be delayed, hindered or defrauded, deemed, held, adjudged and taken to be utterly void, frustrate and of none effect any pretense, color, feigned consideration, expressing of use or any other matter or thing to the contrary notwithstanding:" together with Section 3229 R. G. S., 5035 C. G. L., as the same have been construed by this Court.

The pertinent allegations of the bill of complaint are in effect that the plaintiff being a tort claimant against the defendant C. E. Foster because of the injury caused by the defendant to the wife of the plaintiff which injury occurred on January 22, 1932, and, being such claimant, had instituted a suit against the defendant, the declaration being filed on June 23, 1932, and that thereafter on January 30, 1933, just a few days before the case came on for trial, the defendant conveyed all his real property to his wife, Lillian M. Foster; that the trial resulted in a judgment in favor of the plaintiff against the defendant. To that judgment writ of error was taken to the Supreme Court. The judgment was reversed and the cause remanded for new trial. On June 3, 1935, the cause again came on for trial and on the 6th day of June, 1935, a verdict was rendered for the plaintiff. It is alleged that the judgment is outstanding and in full force and effect and has not been set aside, superseded or amended. At the time of the institution of this suit C. E. Foster was the owner of and in possession of certain described real estate in Duval County, Florida, and that while the claim which was the basis of the cause of

action was in existence and unpaid and while the suit was being prosecuted, the conveyance was made by C. E. Foster to his wife, Lillian M. Foster, of certain deeds purporting to convey such property from C. E. Foster to Lillian M. Foster. Certified copies of the deeds are attached to and made a part of the bill of complaint.

It is then alleged:

"That said defendant, Lillian M. Foster, is and was at the time of the above attempted conveyance the wife of said defendant, C. E. Foster, and plaintiff is informed and believes and upon such information and belief alleges the fact to be that said deeds, and each of them, were given to said defendant, Lillian M. Foster, without anything of value and without any valuable consideration moving to said C. E. Foster, and that said attempted conveyances were, in fact, gratuitous and voluntary; that each of said attempted conveyances, respectively, was made, executed and contrived of fraud, covin, collusion and guile, and to the end, purpose and intent to delay, hinder, embarrass and defraud plaintiff of his just and lawful claim against the defendant, C. E. Foster.

"IV

"That the defendant, C. E. Foster did not have at the time of the aforesaid conveyances, nor has he since had, other property sufficient to satisfy plaintiff's judgment; that said judgment is a lien on the above described lands attempted to be fraudulently conveyed by said C. E. Foster, as above set forth, but that said deeds above described constitute clouds on and obstructions to the full and fair enforcement of plaintiff's judgment lien, which clouds and obstructions plaintiff is entitled to have removed.

"V

"That the plaintiff is informed and believes, and upon such information and belief alleges the fact to be that notwithstanding said purported conveyances by the defendant, C. E. Foster, to the defendant, Lillian M. Foster, his wife, said defendant, C. E. Foster, has retained dominion and control over said properties and is managing the same and collecting the rents therefrom; that many of the above described pieces of property have improvements thereon; that much of said property is being rented by the defendant, C. E. Foster; that the income from said property is being dissipated by the defendant and is not being applied upon the indebtedness due to the plaintiff by virtue of said above described judgment; that said property, when sold at a forced sale, will not bring sufficient to satisfy plaintiff's judgment; that said defendant, C. E. Foster, does not have sufficient property with which to satisfy said plaintiff's judgment; that the taxes assessed against the above described property are not being paid out of the rental proceeds from said property; that said property is deteriorating and that said defendant is not preventing said deterioration by maintaining said property in good and substantial repair; that by virtue of the hereinabove described fraudulent conveyances by the defendant, C. E. Foster, to the defendant, Lillian M. Foster, and the dissipation thereof, as aforesaid, this plaintitff's rights are being continuously fraudulently prejudiced; that in order to prevent a continuation of this fraudulent situation and a continuation of the fraud being practiced upon this plaintiff, as aforesaid, it is necessary that a receiver be appointed immediately to take charge of said properties, to manage the same and to do all acts customarily performed by receivers in such cases; that unless said re-

ceiver is so appointed forthwith, an irreparable injury will continue to be done to this plaintiff's rights."

Then follow allegations concerning the alleged concealing of certain moneys, assets of properties subject to levy and as to which discovery is prayed. Then it is alleged "that except for the properties in this bill of complaint referred to said defendant, C. E. Foster, has no property out of which plaintiff's judgment could be satisfied and that except for said properties said C. E. Foster is wholly insolvent."

The bill prays for discovery and prays for an order requiring the amount of the judgment to be paid, and prays that the deeds made by C. E. Foster to Lillian M. Foster be held to be void and of no effect and that the lands described therein be subject to the lien of plaintiff's judgment; that such deeds be set aside and cancelled, and for other relief.

As we construe Section 3864 R. G. S., 5771 C. G. L., it must be held to apply to any sale, conveyance or transfer of any lands, tenements or hereditaments which shall have at any time after the passage of the statute be had, made or executed, contrived, or devised of fraud, covin, collusion, or guile, to the end, purpose or intent to delay, hinder or defraud creditors or others of their just and lawful actions, suits, debts, accounts, damages, demands, penalties or forfeitures and that within the terms of that statute is a conveyance made for the purpose of hindering or defrauding one who claims damages for tort or otherwise.

The bill of complaint alleges that the conveyances sought to be decreed to be null and void and to be cancelled were "made, executed and contrived of fraud, covin, collusion and guilt and to the end, purpose and intent to delay, hinder, embarrass and defraud plaintiff of his just and lawful claim against the defendant, C. E. Foster." The bill further

alleges that "the defendant C. E. Foster did not have at the time of the aforesaid conveyance, nor has he since had, other property sufficient to satisfy plaintiff's judgment."

Now the language used in the above mentioned section and that used in Section 3229 R. G. S., 5035 C. G. L., differ in this; the section above referred to is broad enough to apply to transfers made with the purpose to hinder or defraud creditors or others of their just and lawful "actions, suits, debts, accounts, damages, demands, penalties or forfeitures," while Section 3229 R. G. S., 5035 C. G. L., is a statute authorizing a creditor's bill to be filed in the courts of this state having chancery jurisdiction before "the claims of indebtedness of the persons filing the same shall have been reduced to judgment" and is, therefore, limited in its application to those suits in which claims of indebtedness are involved. See B. L. E. Realty Corporation v. Mary Williams Co., Inc., *et al.*, 101 Fla. 254, 134 Sou. 47, in which we held:

"Under the Florida statute relating to the filing of a creditor's bill before judgment (Section 5035 C. G. L., 3229 R. G. S.) it is necessary that a suit at law shall have been brought for the collection of a claim of indebtedness against the defendant, and the mere institution of a suit at law for damages not involving a claim of indebtedness does not, under the very terms of the Florida statute, warrant a creditor's bill."

This statute, however, has no application here because the instant suit was instituted after judgment was obtained and when that judgment had not been superseded.

It appears to us that the judgment to be rendered on this appeal is ruled by the opinion and judgment in the case of Balsey v. Union Cypress Company, 92 Fla. 706, 110 Sou. 263, in which we said:

. ' "It must be conceded that a judgment creditor has the right to treat an attempted transfer of property to which the judgment debtor had the legal title as a nullity and to sell the property so conveyed under execution, as though no transfer by connivance had been made, but the existence of such remedy at law does not interfere with the right to resort to a court of equity for the vacation of the fraudulent conveyance as an obstacle in the way of the full enforcement of the judgment, and to remove a cloud on the title to the property, fraud being one of the recognized subjects and most ancient foundation for equity jurisdiction. See Logan v. Logan, 22 Fla. 561, and authorities there cited.

"But, it is earnestly insisted by appellant, the Logan case does not apply for the reason that there was no adequate remedy at law in that case. A careful reading of the case, however, discloses that the court did recognize a remedy at law available to the complainant, and after stating such remedy, said: 'Yet the fraud alleged in the bill gave him a concurrent right to come into a court of equity.'

"Appellant also insists that the case of Neubert v. Massman, 37 Fla. 91, 19 South. Rep. 625, states the law to be that it is necessary to show that an execution has issued on the judgment and a return *nulla bona* made before a creditor's bill may be filed. Counsel appear to have overlooked the distinction made in that case between equitable title and legal title of the judgment debtor. This distinction is the very gist of the cause now before the court.

"In the case of Holly v. Gainesville Nat. Bank, 80 Fla. 523, 86 South. Rep. 444, which appellant also cites, it is to be observed that the property sought to be reached by the creditor's bill was not the legal estate of the defendant, but at most the equitable estate. In the Holly v. Gaines-

ville National Bank case, *supra,* Judge Ellis, in giving his opinion very clearly pointed out the distinction that it was an equitable and not a legal title. He also made plain that in the Neubert-Massman case the controversy was over an equitable title. Both these cases refer to Robinson v. Springfield Co., 21 Fla. 203, and Richardson v. Gilbert, 21 Fla. 544.

"In the Richardson-Gilbert case the court referred to the property as 'an equitable asset.' In the Robinson-Springfield Company case Justice Raney, after a very elaborate discussion of the entire case, said, 'as to all the real estate of which the *legal* title has been in Robinson, we think the bill sufficient; as to such as the title of has not been in him but was conveyed directly to Mrs. Robinson, we do not think the bill shows a sufficient exhaustion of legal remedies.' In view of the very full and complete discussion of the subject in the cases cited it would seem a needless employ of words to here restate the principles and reasons upon which those conclusions were reached. It may, therefore be briefly stated that where a judgment creditor seeks by a bill in equity to set aside an alleged fraudulent conveyance and subject the property therein attempted to be conveyed to his judgment, if the judgment debtor had only an equitable title to such property it is necessary to exhaust the legal remedies and have a return of *nulla bona* upon execution, before filing such bill in equity, but it is otherwise where the judgment debtor had legal title and fraudulently conveyed the same."

It, therefore, follows that the allegations of the bill of complaint were sufficient to withstand the motion to dismiss and to require answer from the respondents. Whether or not the allegations of the bill of complaint may be es-

tablished by proof is a question not now before us, as this appeal is from the interlocutory order only.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS, BROWN and DAVIS, J. J., concur.