HENDRY, Judge.
The Rutang Corporation, now bankrupt, was the defendant in an action for replevin brought by the plaintiff, Commercial Credit Corporation, which resulted in the entry of a directed verdict and final judgment in favor of the plaintiff-appellee. This appeal from the final judgment is being prosecuted by B. Hayden Crawford, as trustee for the Rutang Corporation, a bankrupt.
The Rutang Corporation purchased three automobiles from the appellee’s assignor,, signing a retail installment contract which provided, inter alia:
“Title to Car shall remain in Seller until all amounts owing hereunder are fully paid in cash. This contract may be assigned by Seller or the payment thereof renewed or extended, without passing title to Car to Purchaser.
‡ * * $ * *
“If Purchaser defaults on any obligation or breaches any agreement or warranty under this contract, or if Seller should have reasonable cause to deem itself or Car insecure, the unpaid portion of the Time Balance shall, without notice, at the option of Seller, become due forthwith. Purchaser agrees in any such case to pay said amount to Seller, upon demand, or, at the election of Seller, to deliver Car to Seller. Seller may without notice or demand for performance of legal process, lawfully enter any premises where Car may be found, and take possession of it. * * ”
The above agreement was executed on February 24, 1961, in Wichita, Kansas. The contract was assigned to appellee on the same day (February 24) as it was signed by the defendant, Rutang. This agreement was recorded in the County Clerk’s office at Sedgewick County, Kansas, but there was no recording made in Florida. The three cars were titled in Florida by February 21, 1961. The title certificate issued to defendant-Rutang indicated that the cars were unencumbered. The first installment on the chattel mortgage became due on April 10, 1961, but upon defendant-Rutang’s failure to make payment, the unpaid balance was accelerated and demand was made pursuant to *30 the agreement. On April 13, 1961, appellee filed its complaint in Circuit Court for Dade County seeking replevin of the cars and establishment of its right of possession to the same. On April 13, 1961 the writ was issued, but the Sheriff did not take the cars into his possession until April 17, 1961, the same day that Defendant-Rutang filed in bankruptcy and the defendant-Crawford was appointed its trustee in bankruptcy.
Upon trial and after all of the evidence had been heard, the trial judge directed a verdict for the plaintiff, ruling as a matter of law that the appellee was entitled to possession of the automobiles here involved.
Appellant contends that the retain title agreement relied on by appellee was invalid as to the trustee in bankruptcy for failure to record the agreement in Florida, and the agreement could not give title to appellee when clear title was registered in appellant prior to the signing of the retain title agreement. We can not agree.
 The trustee in bankruptcy insofar as this transaction is concerned can have no greater rights than the bankrupt. The Trustee is not a bona fide purchaser for value without notice, Chapter 319, Fla.Stat., F.S.A. and all the cases cited by appellant refer only to third parties who purchase without knowledge. This status can not be ■assigned to the trustee in bankruptcy. It is ■true, as appellant contends, that the trustee in bankruptcy is by virtue of the Federal Bankruptcy Act[1] invested with more rights than the bankrupt, in that, he is also afforded the same status as a creditor,[2] but that does not constitute him as a bona fide purchaser without knowledge. This means that if the appellee would have been entitled to recover the vehicles from the bankrupt, he would similarly have been so entitled to recover them from the trustee in bankruptcy. This result is particularly applicable here, when the appellee’s right to possession of the vehicle occurred on April 11, 1961, six days prior to trustee’s appointment.
The entire amount of the loan was due upon failure to make the payment of April 10, and thereafter appellee was entitled to possession of the vehicle, in fact, by the agreement appellee could have resorted to self-help in order to reduce the vehicles to its possession, and we should not penalize appellee for resorting to its judicial remedy, replevin.
We must now consider the effect, if any, upon this case by § 319.15, Fla.Stat., F.S.A. which provides that:
“No liens for purchase money or as security for a debt in the form of retain title contract * * * shall be enforceable * * * against creditors * * * unless a sworn notice of such lien, * * * shall be recorded in the office of the motor vehicle commissioner of the state * *
It is without question that appellee failed to so file. Appellant claims that as a creditor[3] this agreement is unenforceable against him, and the appellee is therefore not entitled to possession of the automobiles.
The question we must determine is if the “creditor” referred to in the statute applies to a trustee in bankruptcy. We think that the legislature contemplated the trustee in bankruptcy as a creditor, expressly in view of the fact that the trustee is a representative of the creditors collectively.
The validity of the retain title agreement as between the appellee and the bankrupt is not contested by the appellant, and the enactment of Chapters 319 & 322, Fla.Stat., F.S.A. did not affect the respective legal rights of these parties.[4] The fact that the bankrupt obtained Florida Title Certificates for these automobiles prior to signing *31 the retain title contract did not affect the ability of the vendor to retain title to the automobiles prior to their being paid for in full. This is so because the certificate of title is not title itself, but merely evidence of title, which, in certain instances, will entitle an innocent third person without knowledge to rely on this certificate.[5] But, as between the original parties, title will pass as per their intentions as manifested in the sales agreement.[6]
Therefore, the retain title agreement was not void by virtue of the fact that title certificates were first obtained in Florida indicating that the vehicles were free and clear because the parties clearly manifested their intentions as to when title should pass by the agreement.
The next proposition which must be considered is, did the filing of the petition for bankruptcy on April 17, 1961 have the effect of making the unfiled retain title contract unenforceable ab initio and therefore defeat the appellee’s right to a writ of re-plevin on April 13, 1961? We think not.
It must be remembered, that in any replevin action the plaintiff must be entitled to possession at the time of the bringing of the action, and the question of the right of possession is determined as of the date of the institution of the action.[7]
Applying the above principles of law to the instant facts results in the following conclusion. The agreement between the parties was valid and determinative of their rights. As a result, the appellee was entitled to possession of the cars on April 11, 1961, when the bankrupt (prior to the filing in bankruptcy) refused to comply with the ap-pellee’s demand for payment or possession. The rights of the parties to the possession of the automobiles were to be determined as of April 13, 1961 the date that the complaint was filed. As of that date the appellee was entitled to possession of the cars by virtue of the retain title contract. The retain title contract was enforceable on that date even though Section 319.IS had not been complied with because the trustee (qua creditor) was not in existence. In other words, as of April 13, 1961 (date of institution of suit) there was no creditor for the retain title contract to be unenforceable against, there was only the original two parties to the agreement.
Accordingly the trial court correctly directed a verdict in plaintiff’s favor, and the judgment appealed is affirmed.
Affirmed.

. Title 11 Ü.S.C.

. Coleman v. Alcock, 272 F.2d 618 (5th Cir.1959).

. id.

. 3 JTIa.Jur. Automobiles, etc. § 3.

. 3 Fla.Jur. Automobiles, etc. §§ 5-18.

. id.; 46 Am.Jur. Sales § 411.

. 28 Fla.Jur. Replevin § 7.