Robert B. MARKS, Bankrupt-Appellant,

v.

Milton BRUCKER, Creditor-Appellee.

No. 23827.

United States Court of Appeals,
Ninth Circuit.

Nov. 20, 1970.

Barry V. Freeman (argued), of Bernfeld & Cohen, Los Angeles, Cal., for bankrupt-appellant.

Stephen Chrystie (argued), of Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for creditor-appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and THOMPSON,* District Judge.

THOMPSON, District Judge:

On May 21, 1965, Brucker sued Marks and Marks' wife in a state court for $127,195.21 due on a guaranty. On June 15, 1965, Marks filed a petition in bankruptcy. On August 26, 1965, Brucker filed his proof of claim in bankruptcy for the same amount, attaching a copy of the state court complaint as an exhibit. On October 25, 1965, Marks was granted a discharge in bankruptcy. In the meantime, the prosecution of the state court action continued against Marks et ux. The bankruptcy trustee did not become a party to the action. On July 25, 1966, a settlement agreement was executed and on April 18, 1967, the state action was dismissed with prejudice. On April 11, 1968, the bankrupt, Robert B. Marks, filed a written objection to three different creditors' claims filed against the bankrupt estate, one being the Brucker claim, on the ground "that said claim has heretofore been released, pursuant to the terms of a written agreement of the parties." The Agreement and Release which preceded the dismissal with prejudice of the state court action was entered into between Milton Brucker and his wife "the plaintiffs" and Robert B. Marks and his wife "the defendants." It purported to be a mutual release of all claims by each party against the other and specifically a settlement of the pending lawsuit in consideration of payment by defendants to plaintiffs of the sum of $1,500. The Trustee was not a party to the agreement and the pending bankruptcy and earlier discharge in bankruptcy were not mentioned.

After a hearing before the bankruptcy Referee limited to the foregoing stipulated facts, the Referee overruled the objections to the claim. The District Court, on petition for review, sustained the Referee. The jurisdiction of this Court on appeal is founded on Section 24 of the Bankruptcy Act (11 U.S.C. § 47).

On oral argument, the Court raised the question of whether the bankrupt Marks had standing to object to Brucker's claim before the Referee and if not, whether he is an aggrieved person who can sustain the jurisdiction of this Court on appeal. Supplemental briefs have been filed.

We decide the threshold question in favor of Appellant. A bankrupt normally has no interest in the estate in bankruptcy and cannot do as Appellant has done here. Skelton v. Clements, 408 F. 2d 353 (9th Cir. 1969); Klein v. Rancho Montana de Oro, Inc., 263 F.2d 764 (9th Cir. 1959). "The Bankrupt, while unhappy, was not aggrieved." Manda v. Sinclair, 278 F.2d 629 (5th Cir. 1960). A bankrupt, having obtained his discharge, has normally neither a direct nor an indirect interest in the allowance of disallowance of claims asserted against the assets comprising the estate. But there are exceptions.

"The right of the bankrupt to object to an allowance is considered to be confined to exceptional cases. As a rule, since the bankrupt is insolvent, he is said to have no interest in the manner of distribution of the assets among his creditors. His right to object to a claim is therefore generally restricted to cases in which there is no trustee who otherwise would be the proper person to object, or where in the event of disallowance there would be a surplus left for the bankrupt, particularly where the claim objected to is the only claim on record, or where the bankrupt is entitled to assert an exemption." 3 Collier on Bankruptcy, 14th Ed., § 57.17, p. 252.

---

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

Sometimes, through fortuitous happenings, an estate in bankruptcy becomes solvent or will be rendered solvent, with a surplus over for the bankrupt, if certain claims are disallowed. In that situation, the bankrupt does have an interest and may be aggrieved by an adverse ruling. In re Community Neighbors, Inc., 287 F.2d 542 (7th Cir. 1961); In re Woodmar Realty Corp., 241 F.2d 768, 771 (7th Cir. 1957).

■ There is not the slightest indication in this record that a surplus is even a remote possibility, and here we are not dealing with a debtor in possession but with an adjudicated bankrupt for whose estate a trustee has been appointed. Nevertheless, we believe we should entertain the appeal on the merits because the objection to the standing of the bankrupt was not made before the Referee or in the District Court. In his supplemental brief, the bankrupt asks, as alternative relief, that the case be remanded for amendment of the objection to the Brucker claim and additional proof to rectify the deficiency in the record, that is, to show that he is directly aggrieved by allowance of the Brucker claim. Thus is posed the question of whether absence of facts in the record establishing capacity to object to claims and to appeal is a defect procedural in kind which can be waived, or is it a jurisdictional deficiency. And Bankrupt's claim that he can adequately supplement the record to establish that a surplus will exist if this claim is disallowed highlights the injustice that may result if the deficiency is permitted to be pressed for the first time on appeal.

The Federal Rules of Civil Procedure are applicable in bankruptcy proceedings to the extent they are not inconsistent with the Bankruptcy Act or the General Orders (General Order 37).

To permit the bankrupt to object to claims is not inconsistent with the Bankruptcy Act and is consistent with the policy expressed in General Order 21(6) which permits the "trustee or any creditor or the *bankrupt* or the debtor" to petition for reconsideration of an allowed claim. (Emphasis supplied.) Cf. American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A., 280 F.2d 119 (2nd Cir. 1960). The *Arrivabene* case is distinguishable because it involved a Chapter XI arrangement rather than straight bankruptcy, but the discussion is persuasive.

Turning to the Federal Rules of Civil Procedure, Rule 9(a)[1] establishes the policy that the defense of lack of capacity or authority to sue or be sued must be specially averred else it is waived (F.R.Civ.P. 12[g]). Young v. Pattridge, 40 F.R.D. 376 (D.C.N.D.Miss.1966).

■■ When the capacity or standing of a person to sue or be sued or to object or otherwise participate as a party in interest in a bankruptcy proceedings depends upon averment and proof of facts which might be proved if the claimed deficiency were called to the attention of the bankruptcy court, and no such objection is there made, the objection is ordinarily waived and cannot be raised or relied upon for the first time on appeal. Biggs v. Mays, 125 F.2d 693 (8th Cir. 1942);[2] Jones v. Clower, 22

---

1. "(a) *Capacity.* It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by

specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Rule 9(a), Federal Rules of Civil Procedure.

2. "In the present instance the bankrupt filed the petition seeking review by the judge of the order of the referee. The appellant contends that the judge was without power to consider and act upon the petition because the bankrupt is not 'a person aggrieved' by the allowance of

F.2d 104, 106 (5th Cir. 1927).[3] Accordingly, we hold that there is no jurisdictional defect in the record and that the possible defense of absence of standing of the bankrupt to object to the claim has been waived by failure to raise it below.

■ Turning to the merits, we affirm the judgment of the District Court to the effect that the mutual release and dismissal with prejudice of the state court action did not, as a matter of law, discharge the claim against the bankrupt's estate. It is the prime contention of the bankrupt that discharge of the claim in bankruptcy is the required result in these circumstances, that is, that there cannot in law be a viable claim against the bankruptcy estate if the cause of action against the bankrupt on which the claim is based has been satisfied, released or discharged. The creditor, Appellee, argues that the adjudication in bankruptcy creates a separate juridical entity in these circumstances, that is, the estate in bankruptcy, which cannot be directly affected by the bankrupt's dealings and transactions after adjudication.

Brucker's in personam action was pending before bankruptcy and was settled after bankruptcy without intervention by the trustee. It is clear that in these circumstances, the rights and liabilities of the estate in bankruptcy are separate and distinct from the personal rights and liabilities of the bankrupt.

"The law is well settled that the trustee may, subject to the court's order, 'exercise his own judgment with reference to defending a suit against the bankrupt at the time of the bankruptcy proceeding, and it is not necessarily his duty in such matters to fol-

---

a claim against the bankrupt estate within the meaning of the statute quoted supra. The judge held that the referee having certified the record to him for review he had power sua sponte to review and revise the order. The judge further found that 'The allowance of this claim would, in my opinion, work an injustice to the estate of the bankrupt.' In re Mays, D.C., 38 F.Supp. 958, 963.

"Under these circumstances we think the court not only had the power to do so but that it properly considered and acted upon the petition for review. Section 39, sub. c, providing that an aggrieved party may petition for a review of the order of a referee, is not a condition upon the jurisdiction of the court. It in no way limits the power of the court, but is merely procedural. It limits only the right of an aggrieved party without impairing the power or discretion of the court. Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291; In re Albert, 2 Cir., 122 F.2d 393, 394." Biggs v. Mays, 125 F.2d 693, 696.

3. "It seems that appellants, by contesting appellee's petition without objecting to it on the ground that it was filed by a creditor, and not by the trustee in bankruptcy of the estate of the maker of the note referred to, waived the objection to that petition on that ground. But, without regard to that consideration, the court, in the absence of any petition by either the trustee in bankruptcy or a creditor, could of its own motion take action to

correct what it has cause to believe was erroneous action, taken by it upon insufficient knowledge. International Agr. Corp. v. Cary, supra [6 Cir., 240 F. 101]. When it is disclosed, in whatever way the disclosure is made, that the same debt owing by a bankrupt twice has been made the basis of an allowed claim against his estate, first in favor of the original creditor, and afterwards in favor of one claiming to be the assignee of that creditor, that disclosure, in the absence of explanation of the facts disclosed, well may be regarded as indicating that a mistake has been made which calls for investigation and correction.

"The Bankruptcy Act invests courts of bankruptcy with jurisdiction to 'allow claims, disallow claims, reconsider allowed or disallowed claims, or allow or disallow them against bankrupt estates,' and provides that 'claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed.' Sections 2(2), 57k (11 U.S.C.A. §§ 11, 93[k]). The quoted provisions fully empower a bankruptcy court to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or claim against the estate is based. Lesser v. Gray, 236 U.S. 70, 35 S.Ct. 227, 59 L.Ed. 471." Jones v. Clower, 22 F.2d 104, at 106–107 (5th Cir. 1927).

low the wishes of a majority in number and amount of the creditors.' The trustee is not bound to intervene unless so ordered by the bankruptcy court; otherwise he may or may not decide to defend, depending upon the circumstances. When in doubt, however, he should report at a meeting of creditors for instructions. A trustee cannot be compelled by a plaintiff to intervene; and although a plaintiff may obtain leave of the bankruptcy court to make the trustee a party, he cannot be compelled to make any active defense unless so directed by the bankruptcy court." Collier on Bankruptcy, Vol. 1, § 11.09, p. 1168.

"Where the suit is one *in personam* against the bankrupt, which the bankruptcy court has not stayed, the court often will not order the trustee or receiver to defend such a suit since the estate will not be affected." Collier on Bankruptcy, Vol. 1, § 11.09, p. 1172.

"Accordingly, the lower federal court cases must be looked to, and from them it appears that the weight of authority is that an in personam judgment obtained in a suit pending at the time the bankruptcy proceedings were instituted does not bind a trustee in bankruptcy as to the validity of the claim where he was not made a party to the suit nor directed by the bankruptcy court to defend it." Collier on Bankruptcy, Vol. 1, § 11.09, p. 1179.

"In spite of the reservation in Riehle v. Margolies, 279 U.S. 218, 219, in the note to page 228, 49 S.Ct. 310,

314, 73 L.Ed. 669, we take it as law that a judgment obtained after bankruptcy petition filed does not liquidate a claim for purposes of distribution. In re [James A.] Brady Foundry Co., 3 F.2d 437 (C.C.A. 7); In re Barrett & Co. (D.C.) 27 F.2d 159, affirmed 29 F.2d 737 (C.C.A. 5); In re Hoey, Tilden & Co. (D.C.) 292 F. 269; In re Service Applicance Co. (D.C.) 39 F.2d 632; In re Kenwood Storage & Warehouse Corporation (D.C.) 4 F.Supp. 561. The fact that section 63b, Bankr. Act, 11 U.S.C.A. § 103(b), allows unliquidated claims to be liquidated 'in such manner as it' (the court) 'may direct,' would seem to give it control over liquidation. See, also, section 11 and section 57d (11 U.S.C.A. §§ 29, 93(d). Therefore, except for the reorganization proceeding, the judgment creditor would have had to prove his claim before the referee, or in some other way chosen by the court under section 63b." In re Paramount Publix Corporation, 85 F. 2d 42 (2nd Cir. 1936).

It is clear that a state court in person, am judgment for or against the bankrupt does not by force of law settle, resolve, liquidate or discharge a claim against the estate in bankruptcy. *A fortiori*, any release obtained or settlement made by the bankrupt with respect to his own personal liability can have no greater effect. Cf. In re Paramount Publix Corporation, *supra*; Coleman v. Alcock, 272 F.2d 618 (5th Cir. 1959); [4] In re Long Island Properties, Inc., 40 F.Supp. 611 (S.D.N.Y.1941); Morris v.

4. "But disregarding these suggested (sic) distinctions as unimportant, we are of the view that the Trustee is not bound, either on res judicata or judicial collateral estoppel, by the prior state court proceedings. The Trustee is, of course, a successor of the Bankrupt for many purposes. But he is much more both in the extraordinary rights with which the Bankruptcy Act invests him, and as a general representative of the creditors. Unless he intervenes and takes on the role of an active litigant subjecting himself thereby to the usual incidents of such action, he is not bound by the judgment merely because the Bankrupt was a party defendant in the prior litigation. Only in a limited situation will the Trustee be foreclosed. This will not include a mere *in personam* proceeding for if, as we have said in Rhodes v. Elliston, 5 Cir., 1928, 29 F.2d 737, 738, 'The judgment was a personal one against the bankrupt,' then, 'it was not binding on the bankrupt estate, because the trustee was not made a party defendant.' 1 Collier, Bankruptcy 1171–1173 (14th Ed. 1956)." Coleman v. Alcock, 272 F.2d 618, at 621–622 (5th Cir. 1959).

Jones, 329 U.S. 545, 552, fn. 3, 67 S.Ct. 451, 91 L.Ed. 488 (1947); Annotation 106 A.L.R. 1121.

This is not to say that the bankruptcy court should not and would not give appropriate consideration to the result of the state court litigation in exercise of its plenary power over claims against the estate. But Appellant's contention that the bankruptcy court is bound by law to enforce a state court in personam judgment or the bankrupt's resolution of his personal liability is plainly unsound. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).[5]

The judgment of the District Court is affirmed.

5. "Courts of bankruptcy are constituted by §§ 1 and 2 of the Bankruptcy Act (30 Stat. 544) and by the latter section are invested 'with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings.' Consequently this Court has held that for many purposes 'courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.' Local Loan Co. v. Hunt, 292 U.S. 234, 240 [54 S.Ct. 695, 697, 78 L.Ed. 1230]. By virtue of § 2 a bankruptcy court is a court of equity at least in the sense that in the exercise of the jurisdiction conferred upon it by the Act, it applies the principles and rules of equity jurisprudence. Larson v. First State Bank [8 Cir.], 21 F.2d 936, 938. Among the granted powers are the allowance and disallowance of claims; the collection and distribution of the estates of bankrupts and the determination of controversies in relation thereto; the rejection in whole or in part 'according to the equities of the case' of claims previously allowed; and the entering of such judgments 'as may be necessary for the enforcement of the provisions' of the Act. In such respects the jurisdiction of the bankruptcy court is exclusive of all other courts. United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 217 [32 S.Ct. 620, 625, 56 L.Ed. 1055]." Pepper v. Litton, 308 U.S. 295, at pp. 303–304, 60 S.Ct. 238, at p. 244 (1939).