In the Matter of KENDALL GROVE JOINT VENTURE, Appellant,

v.

Raul J.A. MARTINEZ–ESTEVE, Appellee.

Bankruptcy No. 85–0722–CIV.

United States District Court, S.D. Florida, Miami Division.

April 7, 1986.

Frank Forte, for appellant.

Jay Schwartz, Miami, Fla., for appellee.

FINAL JUDGMENT

MEMORANDUM DECISION

SCOTT, District Judge.

*Factual Background*

Appellant Kendall Grove Joint Venture ("Kendall Grove") is a general partnership

which owns fifteen (15) acres of real property located at Kendall Drive and 108th Street. Appellee Raul Martinez-Esteve ("Martinez-Esteve") is a prospective vendee under a purchase and sale agreement for the parcel of land.

In 1983 Appellee went to Dade Circuit Court to enforce the buy-sell agreement. After a three (3) day nonjury trial before Judge J. Farina, the court ruled that the equities were in favor of Appellee Martinez-Esteve and, consequently, ordered Appellant Kendall Grove to specifically perform the buy-sell agreement. The Final Judgment for Specific Performance was recorded on August 22, 1984. On September 18, 1984 an involuntary petition for bankruptcy was filed against Appellant Kendall Grove. Shortly thereafter, Kendall Grove sought to avoid the contract contending that it was executory and thus subject to rejection under § 365(a) of the Bankruptcy Code. Judge Thomas Britton, in the Bankruptcy Court, 50 B.R. 64, determined that the contract was not executory and, therefore, was not subject to rejection under the Bankruptcy Code. Appellant Kendall Grove now appeals that decision. For the reasons stated below, this Court affirms the decision of the Bankruptcy Court.

### Issue on Appeal

The sole issue on appeal is

whether a contract to sell real property remains 'executory' for the purposes of section 365(a) after the vendee has obtained a decree for specific performance, but before that decree has been enforced and implemented to the point where title has passed.

*See* Judge Britton's Order with Respect to Claim of Vendee, 46 B.R. 531 (Bank.S.D. Fla.1985).

### Standard of Review

■ The appropriate standard of review for bankruptcy appeals is found in Bankruptcy Rule 8013. The rule states:

[o]n appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Questions of law are freely reviewable on appeal. *Matter of Multiponics, Inc.,* 622 F.2d 709 (5th Cir.1980).[1]

### Applicable Statute

The primary statutue relevant to this appeal is 11 U.S.C. 365(a). That statutue, in part, provides

... the trustee, subject to the courts approval, may assume or reject any executory contract or unexpired lease of the debtor.

Because Kendall Grove is a debtor-in-possession in Chapter 11 proceedings, it is given all the rights, powers and duties of a trustee. 11 U.S.C. 1107(a). Therefore, the option provided by § 365(a) is available to this debtor, Appellant Kendall Grove.

Congress did not provide an express definition of the term "executory contract" and the courts have not always been able to graft a consistent definition. One of the most often used definitions is obtained from Country, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973). This authority defines an executory contract as

a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that failure of either to complete performance would constitute a material breach excusing the performance of the other.

*See also In re Jolly,* 574 F.2d 349, 351 (6th Cir.1978), *cert. denied,* 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978); *In re Booth,* 19 B.R. 53, 54 (Bankr.D.Utah 1982);

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*In re KMMCO, Inc.,* 40 B.R. 976, 978 (Bankr.E.D.Mich.1984).

### The Proceedings Below

■ Initially, the Court notes as did Judge Britton that there is no case directly on point. Judge Britton, however, did find that the reasoning employed by Circuit Judge Peck in *In re Jolly, supra,* was quite helpful and persuasive. The issue to be resolved in that case was whether the executory contract provisions of Chapter 13 are applicable to a contract which has already been breached by the debtor and reduced to a final judgment. Judge Peck concluded that executory contracts are "obligations which continue into the future." 574 F.2d at 351. *See also* S.Rep. No. 94-458, 94th Cong., 1st Sess. (1975). These kinds of obligations include "leases, employment contracts and agreements to buy and sell in the future." 574 F.2d at 351. "Generally, they are agreements which include an obligation for the debtor to do something in the future." *Id.* The Sixth Circuit ultimately determined that there was no further obligation for the debtor to perform in the future because he had already breached the contract. Consequently, the contract was not executory.

Judge Britton applied the *Jolly* court's reasoning to the facts at bar and concluded that "the debtor's only future obligation upon the contract ... is a ministerial one, the delivery of title in accordance with the decree of the State court." 46 B.R. at 532. It is important to remember that the state court had already decreed that Kendall Grove specifically perform the sales agreement. Moreover, Rule 1.570 of the Florida Rules of Civil Procedure provides, in relevant part:

When a judgment is made for a conveyance, ... of land ... and the party against whom the judgment is entered does not comply therewith by the time prescribed, then such judgment shall be considered to have the same operation and effect as if the conveyance, ... had been executed to it....

In effect, this rule mandates that the specific performance decree entered against Appellant be considered duly executed when the judgment is recorded. The final state court judgment was recorded in the Official Records Book 12242, p. 1981, of the Public Records of Dade County, Florida. *See* Appellant's Initial Brief Appendix pp. 24-25. Thus, there are no "future obligations" for the debtor Kendall Grove to perform—the contract is an *executed* one which may not be rejected.

### Appellant's Arguments

Appellant Kendall Grove first argues that the specific performance decree only ordered the enforcement of the contract "in the precise terms agreed upon by the parties." Appellant's Brief at 8. Following from this, Appellant argues that the contract is executory because (1) no title has passed; (2) the judgment provides for reciprocal obligations to buy and sell in the future; (3) no part of the purchase price has been paid; (4) the risk of loss remains with the seller; (5) the sale is conditioned upon the seller having "good, marketable title"; and (6) all encumbrances must be paid out of the purchase price.

Appellant, however, fails to acknowledge that Fla.R.Civ.P. 1.570 "executes" the conveyance. As Judge Britton has so succinctly stated, "the only remaining future obligation is a ministeral one." 46 B.R. at 532.

■ Appellant also contends that it is not bound in the bankruptcy proceeding by the state court ruling because a trustee is only bound by the principles of res judicata when the action is in rem or quasi in rem and not when the action is in personam. Appellant relies heavily upon *Coleman v. Alcock,* 272 F.2d 618 (5th Cir.1959). That reliance is clearly misplaced.

The issue in *Coleman* was whether the trustee was bound by res judicata from a state court judgment rendered against the bankrupt and not the bankrupt's estate. The Fifth Circuit stated that

[u]nless he [the trustee] intervenes and takes on the role of an active litigant subjecting himself thereby to the usual

incidents of such action, he is not bound by the judgment merely because the Bankrupt was a party defendant in the prior litigation. Only in a limited situation will the Trustee be forclosed. This will not include a mere *in personam* proceeding for if ... '[t]he judgment was a personal one against the bankrupt' then, 'it was not binding on the bankrupt estate, because the trustee was not made a party defendant.' (citation omitted). ... [T]he question of title or ownership of property must be presented and to have been binding the prior proceedings must have been in rem or quasi in rem. (citations omitted).

*Coleman,* 272 F.2d at 622.

Clearly, the court was discussing the application of res judicata to the trustee when a judgment is rendered against the bankrupt personally and when one is rendered against the estate in rem. The fact patterns are completely different. In the instant case, the judgment was entered against the debtor—Appellant Kendall Grove. Appellant, however, fails to note that the Fifth Circuit, in *Coleman,* further stated that

[t]he fact that the Trustee did not intervene is of no real moment. *If it is a suit involving title to real property, the Trustee is bound whether he intervenes or not.* (emphasis added)

*Id.* The facts before the bankruptcy court indicate that the state court proceeding was indeed "a suit involving title to real property." Indeed, *the court specifically ordered Appellant to transfer title to the Appellee.* Under *Coleman, supra* Appellant is, much to its chagrin, bound by the state court judgment.

 Lastly, Appellant argues that *In re Jolly, supra* is inapposite to the case *sub judice.* Appellant asserts that the holding of *Jolly* centers on whether or not rejection will benefit the estate by reducing its burden. If this cannot be accomplished, Kendall Grove reads *Jolly* to hold that the very purpose of rejection is defeated. Accordingly, the advantages to Appellant (i.e. the estate) of rejection are great and thus the contract should be avoided. While the court did discuss this element as one of its considerations, it did not hold that the benefit or burden of rejection was dispositive. If that were the case, then the issue would become a balancing test. This is completely contrary to the plain language of the Bankruptcy Code and the *Jolly* court as well. The real issue is whether the contract is an executory one. As the Fifth Circuit so concisely stated:

All debts and obligations are burdens on the estate.

. . . .

The only obligations Congress allows debtors to reject are the executory ones.

*Jolly, supra* at 351.

Upon consideration of the parties' briefs, their oral arguments and being otherwise duly advised, this Court concludes that the bankruptcy judge committed no error. Accordingly, it is

ORDERED and ADJUDGED that Bankruptcy Court's decision is AFFIRMED.